**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREITA REED,<br><br>              Plaintiff,<br><br>     v.<br><br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>              Defendant. | Case No.  1:14-cv-468-EPG<br><br><br>ORDER GRANTING ATTORNEY'S FEES<br><br> (Doc. 17) |

**I.      INTRODUCTION**

Plaintiff's counsel, Kelsey Mackenzie Brown, Esq., filed a Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b). [1] (Doc. 17.)  Freita Reed ("Plaintiff") and the Commissioner of Social Security ("Defendant") were served with the motion.  (Doc. 17 and Doc. 19).  Plaintiff has not filed an objection with the Court.  Additionally, in keeping with the role resembling that of a trustee for Plaintiff, the Commissioner filed a response to Ms. Brown's motion and has indicated it does not have an opposition to the motion.  (Docs. 18).  *See generally, Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n. 6 (2002).  For the reasons set forth below, the Motion for Attorney's Fees is GRANTED.

---

[1] The parties have consented to Magistrate Judge jurisdiction. (Docs. 7 and 8).

## II.      BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative

decision denying her claim for Disability Insurance benefits and Supplemental Security Income

payments under the Social Security Act. (Doc. 1).  After the parties filed a stipulation to remand

the action, this Court issued an order in favor of the Plaintiff and against the Social Security

Administration.  (Docs. 13 and 14).  Subsequently, Plaintiff's counsel was awarded attorney's

fees under the Equal Access to Justice Act ("EAJA") in the amount of $3,500.00, and $66.91 in

costs. (Doc. 16).  However, Plaintiff's counsel did not receive any of the EAJA fees because the

fees were offset by Plaintiff's federal debt. (Doc. 18).

In the current Motion for Attorney's Fees, Plaintiff's counsel now seeks an award of

attorney fees in the amount of $1,143.00 pursuant to 42 U.S.C. § 406(b). (Doc. 17, pg. 4).  In

support of the motion, Plaintiff's counsel indicates that this amount represents 25 % of the

retroactive benefits awarded for attorney's fees. *Id.* and (Doc. 17-3, pgs. 1-4).

## III.      DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in

which they have successfully represented social security claimants.  Section 406(b) provides the

following in relevant part:

> Whenever a court renders a judgment favorable to a claimant under
> this subchapter who was represented before the court by an
> attorney, the court may determine and allow as part of its judgment
> a reasonable fee for such representation, *not in excess of 25 percent*
> *of the total of the past-due benefits to which the claimant is entitled*
> *by reason of such judgment,* and the Commissioner of Social
> Security may ... certify the amount of such fee for payment to such
> attorney out of, and not in addition to, the amount of such past-due
> benefits ....

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting

provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits

awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142,

1147 (9th Cir.2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 789, 802.  However, the

1   Commissioner has standing to challenge the award, despite the fact that the Section 406(b)

2   attorney's fee award is not paid by the government. *Craig v. Sec 'y Dep't of Health & Human*

3   *Servs*., 864 F.2d 324, 328 (4th Cir.1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at

4   807. The goal of fee awards under Section 406(b) is to provide adequate incentive to represent

5   claimants while ensuring that the usually meager disability benefits received are not greatly

6   depleted. *Cotter v. Bowen,* 879 F.2d 359, 365 (8th Cir.1989), *abrogated on other grounds in*

7   *Gisbrecht*, 535 U.S. at 807.

8       The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts

9   are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808–09

10  (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead,

11  Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements).

12  "Within the 25 percent boundary ... the attorney for the successful claimant must show that the

13  fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d *at*

14  *1148* (holding that Section 406(b) "does not specify how courts should determine whether a

15  requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due

16  benefits awarded").

17      Generally, "a district court charged with determining a reasonable fee award under §

18  406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' ... 'looking

19  first to the contingent-fee agreement, then testing it for reasonableness.' " *Crawford*, 586 F.3d at

20  1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified

21  several factors that may be considered in determining whether a fee award under a contingent-fee

22  agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the

23  representation; (2) the results achieved by the representative; (3) whether the attorney engaged in

24  dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the

25  benefits are large in comparison to the amount of time counsel spent on the case; and (5) the

26  attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent

27  cases. *Id*. (citing Gisbrecht, 535 U.S. at 807–08).

28

1    Here, Plaintiff and counsel entered into a fee agreement that provides for attorney's fees

2 in the amount of 25% of the past-due benefits. (Doc. 17-2, pg.1).  The Court has considered

3 counsel's representation of Plaintiff and the results achieved by counsel.  Plaintiff's counsel

4 indicates she expended a total of 20.05 hours litigating Plaintiff's case and she is seeking 25% of

5 the total amount of past-due benefits.  (Docs. 17-3, pgs. 1-4; 17-4, pg. 1).  This represents an

6 hourly rate of $57.15 which is well below the prevailing market rate.  Further, there is no

7 indication that a reduction of the award is warranted due to any substandard performance by

8 counsel in this matter.  Counsel is an experienced attorney who secured a successful result for

9 Plaintiff.  There is also no evidence that counsel engaged in any dilatory conduct resulting in

10 excessive delay.  Thus, the $1,143.00 is not excessive in relation to the past-due award.  *See*

11 *generally, Shepard v. The Comm'n of Social Security,* No. 1:14-cv-1166 SMS, 2016 WL

12 3549261 (E.D. Cal., June 29, 2016) (granting $17,125.00 pursuant to Section 406(b)); *Schneider*

13 *v. The Comm'n of Soc. Sec*., No. 14-cv-00034 SKO, 2016 WL 2654228 (E.D. Cal., May 10,

14 2016) (granting $10,253.96); *Whiteside v. The Comm'n of Soc. Sec.,* No. 1:13-cv-1337-BAM,

15 2015 WL 36545054 (E.D. Cal., June 11, 2015) (granting $6,000.00).  In making this

16 determination, the Court recognizes the contingent-fee nature of this case and counsel's

17 assumption of risk in agreeing to represent Plaintiff under such terms. *See Hearn v. Barnhart*,

18 262 F.Supp.2d 1033, 1037 (N.D. Cal.2003) ("Because attorneys like Mr. Sackett contend with a

19 substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases

20 does not provide a basis for this court to lower the fee to avoid a windfall.").

21    An award of Section 406(b) fees, however, must be offset by any prior award of

22 attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht,* 535 U.S. at 796.  Here, the

23 Court previously ordered Plaintiff's counsel was entitled to EAJA fees in the amount of

24 $3,500.00, but counsel did not receive any payment due to Plaintiff's federal debt. Therefore, no

25 reimbursement of EAJA fees to the Plaintiff is necessary.

26 \\\

27 \\\

28 \\\

1

## IV.   CONCLUSION AND ORDER

2

For the reasons stated above, the fees sought by Ms. McKenzie Brown pursuant to

3

Section 406(b) are reasonable.  Accordingly, IT IS HEREBY ORDERED that:

4

      1.        The Motion for Attorney's Fees pursuant to Section 406(b) in the amount of

5

              $1,143.00  is GRANTED;

6

      2.        The Clerk of the Court is directed to serve this order on Plaintiff, Freita Reed, at 1130 Comstock Court, Modesto, California  95351-1733.

7

8

IT IS SO ORDERED.

9

10

Dated:   **September 26, 2016**        /s/ Erica P. Grosjean

                                       UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28